UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

PERRY LEE WYSINGER                           CIVIL ACTION NO. 14-cv-1109

VERSUS                                        JUDGE HICKS

BUDGET PHONE, INC.                            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Perry Lee Wysinger ("Plaintiff") commenced this civil action against Budget Phone for what he alleges is discrimination in the denial of home telephone service. Plaintiff alleges that he had service through Budget Phone, but the company began to raise his rates in 2011. He had his service disconnected and went to another Budget location, but they refused to give him service. Plaintiff eventually did get service, but he claims the number he was given resulted in calls to his house asking for Wal-Mart. The company refused to give him a new number, so he had his service disconnected again.

Plaintiff alleges that Budget now refuses to renew his service, so he has been without phone service in his home for over one year, and Budget that will not tell him why it will not renew the service. Plaintiff states that AT&T would not give him service without a credit card, which he lacks, and Verizon Wireless required a $400 deposit that he refused to post.

Plaintiff alleges that Budget's denial of the service he would like is based on "discrimination" and should entitle him to an award of damages. There are a number of federal laws that protect persons against discrimination in the right to contract, have

employment, use public facilities, and the like. Each of those statutes specifically prohibits certain forms of discrimination based on religion, national origin, disability, race, gender, age, or other specific reason. Plaintiff has not identified any particular statute that he believes has been violated by Budget, and he does not allege that the refusal of service was based on any reason prohibited by a federal law. Rather, he asserts a general claim of "discrimination," which appears to be a claim that he believes he was not treated fairly. The federal courts do not have jurisdiction to ensure that everyone receives satisfactory customer service. It is only when a particular federal anti-discrimination statute is violated that the court may afford a remedy. Plaintiff has not identified a valid basis on which a claim may be stated against Budget Phone, so his complaint should be dismissed.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **dismissed with prejudice** for failure to state a claim on which relief may be granted.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 18th day of June, 2014.

Mark L. Hornsby
U.S. Magistrate Judge